914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph B. SHUMATE, Jr., Plaintiff-Appellant,
v.
Pauline B. SHUMATE, Defendant-Appellee.
 No. 89-2094.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 3, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen M. Williams, Senior District Judge. (CA-88-614-R).
 John L. Lumpkins, Jr., Lumpkins & Halligan, Richmond, Va., for appellant.
 Richard E. Viar, Dodson, Pence, Viar, Woodrum & Mackey, Roanoke, Va., for appellee.
 W.D.Va.
 DISMISSED.
 Before SPROUSE, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph B. Shumate, Jr. and Pauline B. Shumate were divorced in 1978. In 1984, Mrs. Shumate sued Mr. Shumate in state court for unpaid maintenance and support. Mr. Shumate removed the case to federal bankruptcy court, but the bankruptcy court remanded the case back to state court. Mr. Shumate appealed to the district court, but the district court affirmed the remand order. Mr. Shumate now appeals from the district court decision. Holding that we do not have jurisdiction to consider the appeal, we dismiss.
 
 
 2
 * The Shumates were divorced in 1978. A property settlement agreement, which was incorporated into the divorce decree, required Mr. Shumate to pay Mrs. Shumate $1,500 per month. In June 1984, Mr. Shumate filed a Chapter 11 bankruptcy petition which eventually was converted to a Chapter 7 proceeding. The bankruptcy court enjoined him from pursuing litigation in any other court without the bankruptcy court's permission. In the meantime, Mr. Shumate apparently had fallen into arrears in his maintenance and support payments. Shortly after Shumate filed his bankruptcy petition, Mrs. Shumate brought an action in state court for the unpaid maintenance and support, but the court declined to take action due to the bankruptcy court injunction prohibiting Mr. Shumate from litigating.
 
 
 3
 After the original bankruptcy petition was converted to a Chapter 7 proceeding, Mrs. Shumate moved the bankruptcy court to lift the automatic stay. That court granted her motion, but for some reason failed to modify its previous order so that Mr. Shumate could respond to litigation. Mrs. Shumate brought suit in state court and, in December 1987, was awarded a judgment for alimony arrearage. Thereafter, Mr. Shumate instituted an action in bankruptcy court claiming damages as a result of Mrs. Shumate's pursuit of the state court litigation knowing that he was enjoined from defending himself. After the filing of the adversary proceeding, Mrs. Shumate elected to void the judgment, but reserved all her rights.
 
 
 4
 In April 1988, Mr. Shumate removed the proceeding to the bankruptcy court which, in the meantime, had modified its injunction against Mr. Shumate to permit him to litigate any action against Mrs. Shumate. As noted, after the removal, the bankruptcy court determined that it was without jurisdiction to hear the proceeding and remanded it to state court. Mr. Shumate appealed to the district court and the district court affirmed the bankruptcy court's remand.
 
 II
 
 5
 The dispositive issue in the instant case is jurisdictional--whether 28 U.S.C. Sec. 1452(b) precludes us from considering Mr. Shumate's appeal. The section provides:
 
 
 6
 The court to which [a claim or cause of action under 28 U.S.C. Sec. 1334] is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.
 
 
 7
 Mr. Shumate asserts that Sec. 1452(b) does not bar our review of his appeal because the bankruptcy court remanded the case to state court on the bankruptcy court's asserted view that it lacked jurisdiction to entertain the dispute. He contends that Sec. 1452(b) does not bar review of a bankruptcy court remand grounded on lack of jurisdiction. Recognizing a split of authority on the issue, he argues that the more persuasive authority holds Sec. 1452(b) bars only review of remand orders based on equitable considerations and that courts are free to review remand orders based on lack of jurisdiction.[1]
 
 
 8
 We need not decide that issue, for it is the district court judgment, not the bankruptcy court decision, that we review and the district court based its affirmance of the remand on equitable grounds, not lack of jurisdiction. As the district court stated:
 
 
 9
 A bankruptcy court does have jurisdiction over the property of the estate; however, "this jurisdiction does not mean that the bankruptcy court should adjudicate rights created under the state matrimonial laws." Also as noted by the Ninth Circuit, "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.' "
 
 
 10
 (Citations omitted.) Although the bankruptcy court may have erred in grounding its remand order on lack of jurisdiction, the district court implicitly recognized jurisdiction in the bankruptcy court to entertain the action, but affirmed the remand order on equitable grounds. Consequently, Sec. 1452(b) specifically precludes our review.[2]
 
 
 11
 In view of the above, the appeal is dismissed.
 
 DISMISSED
 
 
 [1]
 The Third and Eleventh Circuits have held that Sec. 1452(b) precludes only review of remand decisions based on equitable grounds and does not bar review of decisions based on lack of jurisdiction. See Pacor, Inc. v. Higgins, 743 F.2d 984, 993 (3d Cir.1984); In re Nat'l Developers, Inc., 803 F.2d 616, 619 (11th Cir.1986). However, the Fifth Circuit held that Sec. 1452(b) creates an absolute bar to review of remand decisions. See Sykes v. Texas Air Corp., 834 F.2d 488, 492 (5th Cir.1987)
 
 
 [2]
 Mr. Shumate also argues that the district court reviewed the bankruptcy court judgment under the wrong standard. Shumate correctly asserts that the district court was required to apply a clearly erroneous standard to the bankruptcy court's findings of fact. However, our decision is based on lack of jurisdiction and the facts were essentially undisputed. The district court's chore involved an application of law and it specifically noted that the bankruptcy court's legal determinations were "freely reviewable."